IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DHWANI SONANI,<br><br>                Plaintiff,<br><br>vs.<br><br>DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>                Defendant. | **8:25CV68**<br><br>**MEMORANDUM AND ORDER** |

In this case, a pro se citizen and national of India seeks an "order to compel Defendant [the Director of United States Citizenship and Immigration Services] to issue a bona fide determination on [his] pending Form I-918 and/or Form(s) I-918A and [his] related Form(s) I-765 for work authorization." Filing No. 1. This case is now before the Court on Defendant's Motion to Dismiss for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Filing No. 5. Plaintiff filed a response to the motion to dismiss. Filing No. 8. For the reasons set out below, Defendant's motion is granted.

**FACTS**

Plaintiff alleges the following facts in his complaint:

14. Plaintiff Dhwani Sonani is from India and has lived in the United States for approximately 1 year.

15. On 03/15/2024, Plaintiff Dhwani Sonani was the victim of armed robbery in Forest Hill, LA.

16. On 10/23/2024, Plaintiff Dhwani Sonani filed complete 1-918, Petition for U Nonimmigrant Status—including but not limited to complete Form 1-918, a signed personal statement, and a timely and signed supplement B.

17. Plaintiff Dhwani Sonani also filed a Form 1-765 for work authorization.

1

> 18. USCIS assigned Dhwani Sonani's Form 1-918 receipt number: LIN2502452036.
>
> 19. USCIS assigned Dhwani Sonani's Form 1-765 receipt number: LIN2502452086.
>
> 20. Neither Plaintiff Dhwani Sonani nor any of their qualifying relatives have any disqualifying criminal history.
>
> 21. To date, USCIS has taken no action on any of Plaintiff Dhwani Sonani's applications, and they have been waiting since 10/23/2024.
>
> 22. This delay leaves them without a bona fide determination, work authorization, or deferred action.
>
> 23. This delay is harmful.

Filing No. 1 at 4. Sonani also alleges that he "has exhausted all administrative remedies, and exhaustion is not required for an unreasonable delay case." Filing No. 1 at 5, ¶ 27 (quoting *Darby v. Cisneros*, 509 U.S. 137 (1993)).

## FIRST CAUSE OF ACTION
### (APA - Unlawful Withholding or Unreasonable Delay)

> Sonani further alleges:
>
> 29. USCIS has unreasonably delayed bona fide determinations ("BFDs") and BFD Employment Authorization Documents ("EADs") for all Plaintiffs and their qualifying relatives. 5 U.S.C. §§ 55l(b), 706(1).
>
> 30. BFD and EADs are required and discrete actions. *See Norton v. S. Utah Wilderness All.*, 124 S. Ct. 2373 (2004) ("SUWA")[.]
>
> 31. This Court has jurisdiction in unreasonable delay claims over agency actions that are required and discrete. *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004).
>
> 32. First, USCIS is required to make a BFD and EAD decision. *Barrios Garcia v. U.S. Dep't of Homeland Sec.*, 25 F.4th 430, 441–52 (6th Cir. 2022).
>
> 33. USCIS's policy guide makes it clear it has a two-step BFD process. First, it reviews the application to determine whether the I918 is complete-whether it includes the I918B certification and the personal statement; second, it

reviews the results of the background checks to determine whether it should exercise its discretion to issue a BFD.

34. USCIS confirms that it will review all petitioners pending and filed after June 14, 2021, for BFDs: "USCIS evaluates all petitions for U nonimmigrant status filed by noncitizens living in the United States[.] If USCIS determines a principal petitioner and any other qualifying family members have a bona fide petition and warrant a favorable exercise of discretion, USCIS issues them BFD EADs and grants deferred action."

35. USCIS chose to make the decision for a BFD and EAD required through its policy guide.

36. Further, USCIS's general adjudicatory regulations require it to make a decision on all benefits where it promulgates a form. See 8 C.F.R. § 103.2(b)(19) (defining procedures for notification of approvals); Id. at § 103.3 (defining notification procedures for denials).

37. Neither a statutory nor a regulatory timeline or deadline is necessary to show a "required" action under SUWA. See, e.g., Barrios, 25 F.4th at 454.

38. Similarly, a decision is required even if a benefit is ultimately discretionary. See SUWA, 542 U.S. at 66 (citing Safeway Stores v. Brown, 138 F.2d 278, 280 (Emer. Ct. App. 1943)[.]

39. USCIS has a duty under the Administrative Procedures Act ("APA") to make BFDs and EAD decisions for Plaintiff "within a reasonable amount of time." 5 U.S.C. § 555(b); see Barrios Garcia, 25 F.4th at 454.

40. Second, BFDs and EAD decisions are discrete acts.

41. USCIS has promulgated Forms I-918, 1-918A, and 1-765. Decisions on these applications constitute an "order" under 5 U.S. C. § 551(6). Because this Court will not be directing the Agency how to exercise its discretion it will only be ordering it to take a discrete, narrow, limited, and easily identifiable decision, it is discrete. SUWA, 542 U.S. at 63–68.

42. Because a BFD and EAD decision are required, discrete acts, this Court has jurisdiction to review Plaintiffs unreasonable delay claims.

43. Plaintiff here alleges specific, nonconclusory facts that USCIS is unreasonably delaying final agency action on BFD and EAD decisions for themselves and their qualifying relatives. Ashcroft v. Iqbal, 556 U.S. 662, 679–80 (2008) [sic].

3

44. Under *Iqbal,* plaintiffs need only allege non-conclusory, specific facts that demonstrate a plausible claim to relief to state a sufficient claim under Rule 12(b)(6). *Id.*

45. This is a two-step analysis. First, the Court should review the complaint for well-pleaded allegations-those allegations that are non-conclusory. *Id.* at 678.

46. Second, the Court should assume all well-pleaded allegations as true and determine whether the complaint states a "plausible" claim. *Id.* at 679.

47. This is a "context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

48. Tellingly, *Iqbal* does not instruct courts to determine the "merits" of the claim.

49. This is an unreasonable delay under the factors laid out in *Telecommunications Research & Action Ctr. v. FCC*, 750 F.2d 70 (D.C. Cir. 1984). All of the *TRAC* Factors weigh in favor of compelling agency action.

Filing No. 1, at 5–7.

## ANALYSIS

Plaintiff seeks an order to compel Defendant U.S. Citizenship and Immigration Services ("USCIS") to make a bona fide determination ("BFD") on their pending U visa application. USCIS, however, moves to dismiss this case for lack of jurisdiction to hear any claims seeking to compel a decision for work authorization based on a BFD. Filing No. 6 at 11–19. Because Plaintiff only seeks a decision on their BFD, not the work authorization associated with the BFD, USCIS motion to dismiss is inapposite and should be denied.[1]

---

[1] Plaintiff initially filed his complaint based on inaction of his BFD and EAD petitions. However, Plaintiff now contends he only argues for his BFD petition. The government argues he cannot change his theories in the middle of this case. However, it matters not as the decision of this Court applies to either scenario.

### A. Standard of Review

Plaintiff moves to dismiss portions of his complaint for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1). For the court to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the complaint must be successfully challenged either on its face or on the factual truthfulness of its averments. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). In a facial challenge to jurisdiction, all of the factual allegations regarding jurisdiction are presumed true and the motion can succeed only if the plaintiff has failed to allege an element necessary for subject matter jurisdiction. *Gebhardt v. ConAgra Foods, Inc.*, 335 F.3d 824, 829 (8th Cir. 2003); *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 (8th Cir. 2003) (noting that facial attack on the pleading under Rule 12(b)(1) is subject to the same standard as a motion brought under Rule 12(b)(6)).

In contrast, in a factual attack on subject-matter jurisdiction, the court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case" and no presumptive truthfulness attaches to the plaintiff's allegations. *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990). The plaintiff has the burden of proving that jurisdiction exists by a preponderance of evidence. *See Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002).

### B. Discussion

Plaintiff brings pro se a single count against Defendant under the Administrative Procedure Act ("APA"), 5 U.S.C. § 555(b), and claims USCIS has unreasonably delayed rendering decisions concerning BFDs and EADs. Filing No. 1 at 1 and 14, Prayer for Relief. But because those decisions are discretionary, Plaintiff's claims are not within the

5

jurisdiction of this Court and therefore must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). *See Joshi v. Garland*, 728 F. Supp. 3d 1028 (D. Neb. 2024) (Gerrard, J.) (determining claims concerning pace of adjudicating BFD EADs were precluded from review) (citing *Thigulla v. Jaddou*, 94 F.4th 770, 774 (8th Cir. 2024)).[2]

The law was recently summarized by Judge Buescher in his recent *Monroy* case:

> The factual allegations in this case will make more sense with a brief statement of the legal background. At issue in this group of pro se cases is the U visa program, which was created as part of the Victims of Trafficking and Violence Protection Act of 2000 and is codified at 8 U.S.C. § 1101(a)(15)(U). The U visa program grants temporary lawful nonimmigrant status and work authorization to aliens if USCIS determines "the alien has suffered substantial physical or mental abuse as a result of having been a victim of criminal activity" that has occurred in the United States; "the alien . . . possesses information concerning [that] criminal activity"; and "the alien . . . has been helpful, is being helpful, or is likely to be helpful to a Federal, State, or local law enforcement official, to a Federal, State, or local prosecutor, to a Federal or State judge, to the Service, or to other Federal, State, or local authorities investigating or prosecuting [that] criminal activity." 8 U.S.C. § 1101(a)(15)(U)(i). An immigrant seeks a U visa by filing an I-918 petition. Petition for U Nonimmigrant Status, USCIS, (citation omitted); 8 C.F.R. § 214.14(c)(1). Certain family members of the I-918 principal petitioner may be eligible for derivative U nonimmigrant status by submitting a Form I-918A. 8 C.F.R. § 214.14(f)(1)–(2). If the U visa petition is approved, and the petitioner is present in the United States, the petitioner will receive lawful nonimmigrant status and employment authorization for up to four years, which can be renewed. 8 U.S.C. §§ 1184(p)(6), 1184(p)(3)(B); 8 C.F.R. § 274a.12(a)(19). Petitioners must specifically seek employment authorization, and they generally do so by filing a separate Form I-765 Application for Employment Authorization simultaneously with their I-918 petitions. *See* I-765, Application for Employment Authorization, USCIS, available at https://www.uscis.gov/i-765.
>
> However, Congress capped the number of principal U visas available each year at 10,000. 8 U.S.C. § 1184(p)(2)(A). The number of petitions far exceeds the number of U visas available. New Classification for Victims of Criminal Activity; Eligibility for "U" Nonimmigrant Status, 72 Fed. Reg. 53,033 ("USCIS estimates that it will receive 12,000 Forms I-918 and 24,000 Forms I-918, Supplement A each fiscal year."). If USCIS determines

---

[2] Judge Brian Buescher recently addressed a number of these cases and determined they were a product of significant ghost-writing. *Monroy v. Dir., U.S. Citizenship & Immigr. Servs.*, 2025 WL 1267767, at *1 n.1 (D. Neb. May 1, 2025).

a petitioner is eligible in all respects but the annual cap means no U visas are available, the petitioner is placed on a waiting list. 8 C.F.R. § 214.14(d)(2). According to the regulation, a petitioner on the waiting list may receive employment authorization in USCIS's discretion. *Id.* Petitioners residing in the United States will receive deferred action and await the availability of a U visa. *Id.*³

As to the statutory provision directly at issue here, the Immigration and Nationality Act (INA) provides in part, "The Secretary [USCIS] may grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status under section 1101(a)(15)(U) of this title." 8 U.S.C. § 1184(p)(6). Based on this authority, USCIS implemented the bona fide determination (BFD) process to streamline review for potentially granting employment authorization documents (EADs) to bona fide petitioners. *See* Policy Alert, USCIS (June 14, 2021) (citation omitted). Pursuant to the BFD process, USCIS makes a case-by-case determination of whether to issue an EAD. Chapter 5 - Bona Fide Determination Process, USCIS (citation omitted).

Although the term "bona fide application" appears in § 1184(p)(6), the statute does not define "bona fide," "bona fide application," or otherwise dictate the process that the Secretary uses to determine whether to grant work authorization. *See* 8 U.S.C. § 1184(p)(6). Consequently, USCIS explains,

"As a matter of policy, USCIS interprets 'bona fide' as part of its administrative authority to implement the statute as outlined below. Bona fide generally means "made in good faith; without fraud or deceit." Accordingly, when interpreting the statutory term within the context of U nonimmigrant status, USCIS determines whether a petition is bona fide based on the petitioner's compliance with initial evidence requirements and successful completion of background checks. If USCIS determines a petition is bona fide, USCIS then considers any national security and public safety risks, as well as any other relevant considerations, as part of the discretionary adjudication."

---

³ According to the government, "[a]lthough USCIS originally estimated that it would receive approximately 12,000 principal U visa petitions per year, the number of U visa petitions has far exceeded that estimate. *See* New Classification for Victims of Criminal Activity; Eligibility for "U" Nonimmigrant Status, 72 Fed. Reg. 53,033; *see* I-918 Chart, supra. For example, the agency has received more than 20,000 principal petitions every year since 2012, including more than 30,000 per year from 2015 through 2018, and again from 2022 through 2024. *See* I-918 Chart. In 2024, USCIS saw the highest volume of new principal petitions filed in the history of the U nonimmigrant classification. *Id.* Consequently, through quarter four of fiscal year 2024, there were 396,963 principal and derivative U petitions pending with USCIS. *Id.* With so many petitioners and so (relatively) few U visas, USCIS implemented the waiting list. *See* 8 C.F.R. § 214.14(d)(2)." Government's Brief, Filing No. 6 at 5.

Chapter 5 - Bona Fide Determination Process, USCIS (citation omitted). *Monroy v. Dir., U.S. Citizenship & Immigr. Servs.*, No. 8:25CV74, 2025 WL 1267767 (D. Neb. May 1, 2025) (Judge Brian C. Buescher).

The Court finds the analysis offered by Plaintiff is not persuasive. The BFD is part of the discretionary process under statute and, as such, is also jurisdictionally barred from this Court's review. *Barot v. Dir., U.S. Citizenship & Immigr. Servs.*, 2025 WL 1208968 at *2 (D. Neb. April 25, 2025) (Gerrard, J.) ("The decision the plaintiff seeks to compel and, more importantly, the process by which that determination is made, are squarely discretionary as explained by [*Thigulla*, 94 F.4th 770]."). USCIS has consistently interpreted 8 U.S.C. § 1184(p)(6) as authorizing discretion to implement a BFD and BFD EAD adjudication process at all, as well as whether to grant or deny employment authorization under that provision.[4] *See* 8 U.S.C. § 1184(p)(6) ("The Secretary [USCIS] may grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status under section 8 U.S.C. § 1101(a)(15)(U) of this title."). Under this discretionary process, the agency determines whether a U visa petition is "bona fide" (rendering a Bona Fide Determination, or "BFD") and if USCIS determines it is, then it determines whether to issue EAD.

Contrary to Plaintiff's claim, no portion of USCIS policy requires the agency to grant employment authorization simply because someone has received a favorable BFD. To the contrary, the policy is clear that the decision of whether to grant employment authorization is discretionary. Chapter 5 - Bona Fide Determination Process, USCIS POLICY MANUAL, https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5 (last

---

[4] 8 U.S.C. § 1184(p)(6) provides in relevant part: "The Secretary may grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status under section 1101(a)(15)(U) of this title."

visited May 5, 2025). These discretionary EADs necessarily fall within the jurisdictional bar of 8 U.S.C. § 1252(a)(2)(B)(ii) (stating "no court shall have jurisdiction to review . . . any other decision or action" relating to a decision made discretionary by statute).[5] Quite the contrary, the Court finds that the language of 8 U.S.C. § 1252(a)(2)(B)(ii), when read in conjunction with the plain language of 8 U.S.C. § 1184(p)(6), is discretionary in nature and does not permit subject matter jurisdiction in these cases.

Plaintiff's claim is pursuant to the APA, but "[t]he APA's right to judicial review does not apply when 'statutes preclude judicial review.'" *Thigulla*, 94 F.4th at 774 (quoting 5 U.S.C. § 701(a)(1)). Here, 8 U.S.C. § 1252 provides in part that "no court shall have jurisdiction to review ... any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title." 8 U.S.C. § 1252(a)(2)(B)(ii).

---

[5] Interpreting similar language in *Beltran*, Judge Rossiter held that claims concerning the pace of adjudicating I-601A Applications for Provisional Unlawful Presence Waivers (I-601As) were precluded from review because Congress rendered "actions" relating to I-601As discretionary. *Beltran v. Miller*, 699 F. Supp. 3d 785 (D. Neb. 2023); *see also* Judge Rossiter's similar holdings in *Grajales Cortes v. Miller*, No. 4:23CV3073, 2023 WL 9500788 (D. Neb. Oct. 20, 2023); *Macias v. Miller*, No. 4:23CV3078, 2023 WL 8253203, at *1 (D. Neb. Nov. 13, 2023); *Cisneros v. Miller*, No. 4:23CV3074, 2023 WL 9500782, at *1 (D. Neb. Nov. 14, 2023); *Hernandez v. Miller*, No. 4:23CV3084, 2023 WL 9501175, at *1 (D. Neb. Nov. 15, 2023). Judge Buescher rendered/issued similar holdings. *See Solorio v. Miller*, 700 F. Supp. 3d 735 (D. Neb. 2023); *Ybarra v. Miller*, No. 4:23CV3082, 2023 WL 7323365, at *1 (D. Neb. Nov. 7, 2023); *Reyes Silva v. Miller*, No. 4:23CV3038, 2023 WL 7042347 (D. Neb. Oct. 26, 2023).

Judge Rossiter held that claims concerning the pace of adjudicating I-601 Applications for Waiver of Grounds of Inadmissibility (I-601s) were precluded from review because Congress again rendered "action[s]" regarding I-601s discretionary in 8 U.S.C. § 1252(a)(2)(B)(ii). *Boulay v. Jaddou*, 700 F. Supp. 3d 753 (D. Neb. 2023) (on appeal) (Congress's jurisdictional bar concerning actions of discretionary decisions in 8 U.S.C. § 1252(a)(2)(B)(ii) necessarily included the precise pace at which USCIS made said discretionary decisions.).

With this statute, "Congress stripped federal courts of jurisdiction to review" the discretionary decisions specified. *Bouarfa v. Mayorkas*, 604 U.S. 6 (2024). In other words, this provision—like its companion § 1252(a)(2)(B)(i)—"contains language indicating that the decision is entrusted to the Attorney General's discretion." *Id.* at 14 (quoting *Kucana v. Holder*, 558 U.S. 233 (2010)). But Congress did not make the availability of judicial review dependent on agency practice. Rather, § 1252(a)(2)(B)(ii) bars judicial review of decisions "made discretionary by legislation." *Kucana*, 558 U.S. at 246–247 (emphasis added).

As recently stated by the Eighth Circuit: Section 1255(a)'s text establishes the Attorney General's "discretion" both to adjust applicants' statuses, even after the applicants meet the statutory requirements, and to enact "such regulations as he may prescribe" to administer this process. *Thigulla*, 94 F.4th at 775. *See also*, *id.* at 774, where the Eighth Circuit stated that 8 U.S.C. § 1252(a)(2)(B)(ii) is "Congress's broad prohibition of judicial review," which includes the "process" of making a discretionary decision, thereby barring plaintiffs' claims for unreasonable delay of their I-485 applications because adjustments of status were made discretionary pursuant to 8 U.S.C. § 1255(a). That distinction "reflects Congress' choice to provide reduced procedural protection for discretionary relief." *Patel v. Garland*, 596 U.S. 328, 345 (2022). *Id.* In the interest of finality, Congress vested the Secretary with the discretion to allow the agency's mistakes to inure to the benefit of the noncitizen. At the same time, Congress did not want this discretion to open up a new source of litigation. *Id.* As stated by Judge Gerrard:

> The plaintiff's complaint suggests that the Court can provide the relief requested in this case because it will only be ordering USCIS to make a decision, not directing USCIS in how to exercise its discretion. Filing 1 at 6. But that argument is precluded by the Eighth Circuit's decision in

10

Thigulla, which applied § 1252(a)(2)(B)(ii) to discretionary decisions about the decision making process, not just the result. 94 F.4th at 776; *see also Joshi v. Garland*, 728 F. Supp. 3d 1028, 1033 (D. Neb. 2024); *Chalamalesetty v. Jaddou*, No. 4:22-CV-3182, 2023 WL 6387976, at *3 (D. Neb. Sept. 29, 2023), aff'd, No. 23-3216, 2024 WL 1920254 (8th Cir. Apr. 30, 2024), cert. denied, 145 S. Ct. 546 (2024). The Court is required to defer to "Congress's broad prohibition of judicial review in § 1252(a)(2)(B)(ii)" and "the tradition of agency discretion over internal procedures." *Thigulla*, 94 F.4th at 777; *see also Kanapuram v. Dir., US Citizenship & Immigr. Servs.*, 131 F.4th 1302, 1307 (11th Cir. 2025); *Geda v. Dir. United States Citizenship & Immigr. Servs.*, 126 F.4th 835, 847 (3d Cir. 2025); *Cheejati v. Blinken*, 106 F.4th 388, 394 (5th Cir. 2024), *cert. denied*, 220 L. Ed. 2d 422 (Jan. 21, 2025).

The decision the plaintiff seeks to compel and, more importantly, the process by which that determination is made, are squarely discretionary as explained by *Thigulla*.

*Rico v. Dir., U.S. Citizenship & Immigr. Servs.*, 2025 WL 1192465, at *2 (D. Neb. Apr. 23, 2025).

It is clear from the orders of the United States Supreme Court in *Bouarfa* and the Eighth Circuit in *Thigulla* that this Court has no jurisdiction over this matter.

THEREFORE, IT IS ORDERED THAT DEFENDANT'S motion to dismiss for lack of subject matter jurisdiction, Filing No. 5, is granted.

Dated this 23rd day of May, 2025.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge